IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VIRGINIA ARLENE GOFORTH,<br>Petitioner, | ::<br>::<br>:: | |
| v. | ::<br>:: | CIVIL ACTION NO.<br>1:14-CV-2637-TWT-LTW |
| UNITED STATES,<br>Respondent. | ::<br>:: | |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner is a former federal prisoner who, pro se, filed a petition for a writ of *error coram nobis*. (Doc. 3.) Petitioner also filed an application to proceed *in forma pauperis*. (Doc. 1.) Because Petitioner's application demonstrates that she cannot pay the filing fee, the Court **GRANTS** her leave to proceed *in forma pauperis*.

In November 2005, Petitioner pled guilty in this Court, pursuant to a negotiated plea agreement, to conspiracy to unlawfully bring aliens into the United States and two counts of unlawfully bringing aliens into the country. *United States v. Goforth*, No. 1:05-cr-301-TWT-LTW-1 (N.D. Ga. 2005), ECF Nos. 1, 92-1. As part of the plea agreement, Petitioner "voluntarily and expressly waive[d] the right to appeal her sentence and the right to collaterally attack her sentence in any post-conviction proceeding on any ground." *Id.*, ECF No. 92-1 at 7. The appeal waiver did not apply if the Court upwardly departed from the U.S. Sentencing Guidelines range at

sentencing, the Court sentenced Petitioner to more than three years in prison, or Respondent appealed. *Id.* None of those things happened.

The prosecutor explained the appeal waiver at the plea hearing, and the Court questioned Petitioner about it. *Id.*, ECF No. 129-2 at 11, 22-23. Petitioner told the Court she understood the appeal waiver and that she was giving up her appeal rights freely and voluntarily. *Id.* at 22-23.

In March 2006, the Court sentenced Petitioner to three years' imprisonment to be followed by two years' supervised release. *Id.*, ECF No. 113. Petitioner did not directly appeal the judgment, but filed a motion challenging it under 28 U.S.C. § 2255. *Id.*, ECF No. 123. Petitioner claimed in that motion that her counsel rendered ineffective assistance from the outset of the case, including at the plea and sentencing hearings. *Id.*; ECF No. 134 at 8-11. The Court denied the § 2255 motion and Petitioner's motion for reconsideration. *Id.*, ECF Nos. 130, 135. The Court later denied Petitioner a certificate of appealability, as did the court of appeals. *Id.*, ECF Nos. 149, 156.

Petitioner completed her prison sentence in 2008 and completed her period of supervised release in 2010. *Id.*, ECF No. 157. Petitioner filed her petition in this case in August 2014. (Doc. 3.)

In her petition, Petitioner complains again that she received ineffective assistance of counsel at the pre-plea, plea, and sentencing stages. (*Id.* at 2-22, 40-43.) Petitioner further contends that she "has been informed by information . . . that the government had information and made concessions, with a purported coconspirator who confessed to the crime before petitioner[']s negotiations with the government and her consultations with her attorney" and that she would not have pled guilty if she had known of that "information" at the time of her plea. (*Id.* at 2-3.) Petitioner argues that she is thus entitled to a writ of *error coram nobis* to vacate her judgment of conviction and expunge the records of her criminal case. (*Id.* at 21-22.)

The appeal waiver in Petitioner's plea agreement bars her claims challenging her sentence. An appeal waiver, including a waiver of the right to collaterally challenge a sentence, must be enforced if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Williams*, 396 F.3d at 1341 (quotation marks omitted). That test is satisfied here because the

3

Court questioned Petitioner at the plea hearing about her appeal waiver, and Petitioner stated under oath that she understood and agreed to it. *See Goforth*, No. 1:05-cr-301-TWT-LTW-1, ECF No. 129-2 at 22-23.

As for Petitioner's claims challenging her guilty plea, she has not shown that she is entitled to the extraordinary writ of *error coram nobis*. The All Writs Act allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Under extraordinary circumstances, the writ of *error coram nobis* may provide a basis to vacate a judgment of conviction. *See United States v. Frank*, 414 F. App'x 252, 253-54 (11th Cir. 2011).

> The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice. A court's jurisdiction over coram nobis petitions is limited to the review of errors "of the most fundamental character." Such errors do not include "prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence." In addition, courts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier.

*United States v. Mills*, 221 F.3d 1201, 1203-04 (11th Cir. 2000) (citations omitted).

"Errors of the most fundamental character" are those that "rendered the proceeding

4

itself irregular and invalid." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) (citation and internal quotation marks omitted).

Petitioner has shown no error of the most fundamental character that rendered the proceedings in her criminal case irregular and invalid or that she could not have raised her current claims earlier. Petitioner raised similar claims of ineffective assistance of counsel seven years ago when she litigated her § 2255 motion. (Docs. 123, 134.) Petitioner could have raised all her current claims of ineffective assistance at that time or in a direct appeal, but did not do so. She has shown no sound reason for that failure.

Petitioner's vague allegation that she learned at some unidentified time of new "information" that a coconspirator "confessed to the crime" also does not support issuance of the extraordinary writ. (*See* Doc. 3 at 2-3.) When she pled guilty, Petitioner admitted that she was part of the unlawful conspiracy and that she unlawfully brought aliens into this country. *Goforth*, No. 1:05-cr-301-TWT-LTW-1, ECF No. 129-2 at 18-20, 33-35. After the prosecutor described the unlawful acts Petitioner committed, Petitioner agreed to those facts and told the Court she was, in fact, guilty of the three crimes to which she was pleading guilty. *Id.* at 25-35. While she now claims that a coconspirator "confessed" to something, she does not refute her

5

sworn admission of guilt, and she cannot escape that admission now. (*See* Doc. 3); *Ballester v. United States*, 374 F. App'x 851, 851-52 (11th Cir. 2010) (affirming denial of writ of *error coram nobis* to petitioner who challenged his conviction because "in pleading guilty, he waived the right to challenge the Government's proof"); *United States v. Pearl*, 288 F. App'x 651, 655 (11th Cir. 2008) ("*[C]oram nobis* relief . . . is not available to challenge the knowledge and voluntariness of the plea itself when that issue has not been raised in an earlier proceeding.").

The only evidence Petitioner presented in support of her petition is her own affidavit alleging ineffective assistance of counsel and the affidavits of her mother and sisters. (*Id.* at 40-46.) The only thing in the mother's and sisters' affidavits is a quote of the Court's comments at the sentencing hearing about mandatory minimum sentences and the U.S. Sentencing Guidelines. (*Id.* at 44-46.) Petitioner's evidence provides no support for the extraordinary relief she seeks.

In short, Petitioner has shown no error "of the most fundamental character" in her criminal case or that she could not have sought relief on her current claims in the almost nine years since her judgment of conviction. *See Mills*, 221 F.3d at 1203-04 (quotation marks omitted). Petitioner is not entitled to the "extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve

AO 72A
(Rev.8/82)

justice." *See id.* at 1203; *Lowery v. United States*, 956 F.2d 227, 230 (11th Cir. 1992) ("Coram nobis jurisdiction exists only to correct manifest injustice." (quotation marks omitted)).

Accordingly, **IT IS RECOMMENDED** that the petition for a writ of *error coram nobis* be **DENIED**. Petitioner's application to proceed *in forma pauperis* [1] is **GRANTED**.

**SO ORDERED & RECOMMENDED** this 2 day of September, 2014.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)